NO. 07-07-0017-CV





IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



JANUARY 24, 2007


______________________________



In the Matter of the Marriage of DAMON RAY WILDCAT and DEBRA DIAN WILDCAT


_________________________________



FROM THE 31st DISTRICT COURT OF GRAY COUNTY;



NO. 34241; HONORABLE STEVEN R. EMMERT, PRESIDING


_______________________________



ORDER DISMISSING APPEAL


 _______________________________


Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ. 

 Appellant, by and through her attorney, has filed an unopposed motion to dismiss.
Without passing on the merits of the case, we grant the motion pursuant to Texas Rule of
Appellate Procedure 42.1(a)(2) and dismiss the appeal. Having dismissed the appeal at
appellant's request, no motion for rehearing will be entertained, and our mandate will issue
forthwith.



 Brian Quinn

 Chief Justice



erif">Memorandum Opinion
_______________________________

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.
          Yolanda Howard appealed from an order terminating her parental relationship with
her daughter, J.S. Two issues pend for review. The first concerns whether the trial court
erred in denying her request to postpone trial. The second involves whether the evidence
was legally and factually insufficient to support the finding that termination was in the
child’s best interest. We affirm the order. 
          Issue 1 - Motion to Extend
          In her first issue, Howard complains that the trial court should have postponed the
final hearing so she could have time to complete portions of her service plan. We overrule
the issue.
          The standard of review is one of abused discretion. In re D.W., 249 S.W.3d 625,
647 (Tex. App.–Fort Worth 2008, pet. denied). Abuse does not arise when the trial court
bases its decision on conflicting evidence, as long as there is some substantive and
probative evidence to support the trial court’s decision. Smith v. McCarthy, 195 S.W.3d
301, 305 (Tex. App.–Fort Worth 2006, pet. denied). Nor does it occur when the movant
fails to support the motion with competent evidence. In re D.W., 249 S.W.3d at 648. 
          Here, the trial court convened a hearing on the motion to extend shortly before trial.
Howard tendered no evidence to support her motion, however. Instead, her counsel simply
uttered what he believed to be justifications. See Goode v. Shoukfeh, 915 S.W.2d 666,
671 (Tex. App.–Amarillo 1996), aff’d, 943 S.W.2d 441 (Tex. 1997) (holding that unsworn
comments from trial counsel are not evidence). Because Howard tendered no competent
evidence to support her motion, the trial court did not abuse its discretion in denying it. In
re D.W., supra. Even if the statements of counsel were considered evidence, the court
could have determined that Howard’s inability to complete her service plan was the fault
of the movant. 
          Issue 2 - Best Interest of the Child
          We next consider Howard’s complaint about the quantum of evidence illustrating
that termination was in the best interest of the child. And, in doing so, we overrule the
issue.
          The pertinent standards of review are discussed in In re J.F.C., 96 S.W.3d 256, 266-67 (Tex. 2002) and In re C.H., 89 S.W.3d 17, 25 (Tex. 2002). We refer the parties to those
cases.
          Next, consideration of various indicia which have come to be known as the Holley
factors is useful in resolving the question at issue. Those factors include 1) the desires of
the child, 2) the emotional and physical needs of the child now and in the future, 3) the
emotional and physical danger to the child now and in the future, 4) the parental abilities
of the individuals seeking custody, 5) the programs available to assist those individuals to
promote the best interest of the child, 6) the plans for the child by those individuals seeking
custody, 7) the stability of the home, 8) the acts or omissions of the parent indicating that
the existing parent/child relationship is not a proper one, and 9) any excuse for the acts or
omissions of the parent. In re P.E.W., 105 S.W.3d 771, 779-80 (Tex. App.–Amarillo 2003,
no pet.). Moreover, it is not necessary to show that each factor favors termination, id. at
780, and the list is not exhaustive. In re C.J.F., 134 S.W.3d 343, 354 (Tex. App.–Amarillo
2003, pet. denied); In re W.C., 98 S.W.3d 753, 758 (Tex. App.–Fort Worth 2003, no pet.). 
Instead, there must simply be enough evidence from which the fact finder can reasonably
form a firm belief or conviction that the child’s best interest justifies termination. In re
P.E.W., 105 S.W.3d at 780. 
          Here, the record illustrates that 1) J.S. had previously been removed from Howard’s
care due to Howard’s drug use, 2) though the child was voluntarily placed with Howard’s
friend after this removal, Howard later went and retrieved her, 3) at the time the current
investigation began in April 2007, Howard admitted to using marijuana, 4) a marijuana
blunt was found in J.S.’s crib, 5) J.S. tested positive for cocaine, 6) Howard left the child
in the care of others who, Howard averred, exposed the child to cocaine, 7) Howard was
incarcerated from June 18, 2007, until August 29, 2007, after assaulting the woman whom
she believed had reported her to Child Protective Services, 8) Howard was placed on
probation for five years as a result of the assault, 9) she used marijuana since she was ten
years old, 10) Howard used cocaine, marijuana, and ecstasy prior to and after the child’s
birth, 11) she regularly used marijuana and ecstasy prior to the child being placed in foster
care, 12) Howard suffers from bipolar disorder, 13) she has no driver’s license although
she drives a car on occasion, 14) when she left jail in August of 2007, she moved in with
her mother, 15) around the 1st of October 2007, Howard moved in with a man she had only
known since August 2007 but whom she supposedly intended to marry, 16) Howard’s
caseworker described the relationship between Howard and her boyfriend as on and off,
17) Howard held no formal job during the time the case was pending although she
periodically received money for styling the hair of family members and friends, 18) a week
prior to the final hearing, Howard had suicidal thoughts due to the idea of having her
parental rights terminated, 19) Howard had not entered a drug treatment program although
it was part of her service plan, 20) she did not complete parenting classes (which consisted
of attendance on only two Saturdays) until a short time before the final hearing, 21)
although Howard attended six individual counseling sessions, she did not believe they
talked about anything beneficial to her, 22) Howard did not take all of her required drug
tests, and 23) the child has bonded to her foster mother who has expressed an interest in
adopting her. This is sufficient evidence upon which a rational fact finder could form a firm
conviction or belief that termination of the parent/child relationship was in the best interest
of the child. See In re A.D., 203 S.W.3d 407, 413 (Tex. App.–El Paso 2006, no pet.)
(stating that the mother’s continued use of drugs, her arrest for shoplifting to support her
drug habit, her failure to secure employment, and her failure to provide housing supported
a finding that termination was in the child’s best interest). In short, the evidence is both
legally and factually sufficient to permit termination.
          Accordingly, the order of termination is affirmed. 
 
 
                                                                           Brian Quinn 
                                                                          Chief Justice