NO. 07-08-0167-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

OCTOBER 2, 2008

_____

In the Interest of J.S., a child

_____

FROM THE 323rd DISTRICT COURT OF TARRANT COUNTY;

NO. 323-85804-J-07; HON. JEAN BOYD, PRESIDING

_____

*Memorandum Opinion*

_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Yolanda Howard appealed from an order terminating her parental relationship with her daughter, J.S. Two issues pend for review. The first concerns whether the trial court erred in denying her request to postpone trial. The second involves whether the evidence was legally and factually insufficient to support the finding that termination was in the child's best interest. We affirm the order.

*Issue 1 - Motion to Extend*

In her first issue, Howard complains that the trial court should have postponed the final hearing so she could have time to complete portions of her service plan. We overrule the issue.

The standard of review is one of abused discretion. *In re D.W.,* 249 S.W.3d 625, 647 (Tex. App.–Fort Worth 2008, pet. denied). Abuse does not arise when the trial court bases its decision on conflicting evidence, as long as there is some substantive and probative evidence to support the trial court's decision. *Smith v. McCarthy,* 195 S.W.3d 301, 305 (Tex. App.–Fort Worth 2006, pet. denied). Nor does it occur when the movant fails to support the motion with competent evidence. *In re D.W.*, 249 S.W.3d at 648.

Here, the trial court convened a hearing on the motion to extend shortly before trial. Howard tendered no evidence to support her motion, however. Instead, her counsel simply uttered what he believed to be justifications. *See Goode v. Shoukfeh,* 915 S.W.2d 666, 671 (Tex. App.–Amarillo 1996), *aff'd,* 943 S.W.2d 441 (Tex. 1997) (holding that unsworn comments from trial counsel are not evidence). Because Howard tendered no competent evidence to support her motion, the trial court did not abuse its discretion in denying it. *In re D.W.*, *supra*. Even if the statements of counsel were considered evidence, the court could have determined that Howard's inability to complete her service plan was the fault of the movant.

*Issue 2 - Best Interest of the Child*

We next consider Howard's complaint about the quantum of evidence illustrating that termination was in the best interest of the child. And, in doing so, we overrule the issue.

The pertinent standards of review are discussed in *In re J.F.C.,* 96 S.W.3d 256, 266-67 (Tex. 2002) and *In re C.H.,* 89 S.W.3d 17, 25 (Tex. 2002). We refer the parties to those cases.

2

Next, consideration of various indicia which have come to be known as the *Holley* factors is useful in resolving the question at issue. Those factors include 1) the desires of the child, 2) the emotional and physical needs of the child now and in the future, 3) the emotional and physical danger to the child now and in the future, 4) the parental abilities of the individuals seeking custody, 5) the programs available to assist those individuals to promote the best interest of the child, 6) the plans for the child by those individuals seeking custody, 7) the stability of the home, 8) the acts or omissions of the parent indicating that the existing parent/child relationship is not a proper one, and 9) any excuse for the acts or omissions of the parent. *In re P.E.W.,* 105 S.W.3d 771, 779-80 (Tex. App.–Amarillo 2003, no pet.). Moreover, it is not necessary to show that each factor favors termination, *id.* at 780, and the list is not exhaustive. *In re C.J.F.,* 134 S.W.3d 343, 354 (Tex. App.–Amarillo 2003, pet. denied); *In re W.C.,* 98 S.W.3d 753, 758 (Tex. App.–Fort Worth 2003, no pet.). Instead, there must simply be enough evidence from which the fact finder can reasonably form a firm belief or conviction that the child's best interest justifies termination. *In re P.E.W.,* 105 S.W.3d at 780.

Here, the record illustrates that 1) J.S. had previously been removed from Howard's care due to Howard's drug use, 2) though the child was voluntarily placed with Howard's friend after this removal, Howard later went and retrieved her, 3) at the time the current investigation began in April 2007, Howard admitted to using marijuana, 4) a marijuana blunt was found in J.S.'s crib, 5) J.S. tested positive for cocaine, 6) Howard left the child in the care of others who, Howard averred, exposed the child to cocaine, 7) Howard was incarcerated from June 18, 2007, until August 29, 2007, after assaulting the woman whom

3

she believed had reported her to Child Protective Services, 8) Howard was placed on probation for five years as a result of the assault, 9) she used marijuana since she was ten years old, 10) Howard used cocaine, marijuana, and ecstasy prior to and after the child's birth, 11) she regularly used marijuana and ecstasy prior to the child being placed in foster care, 12) Howard suffers from bipolar disorder, 13) she has no driver's license although she drives a car on occasion, 14) when she left jail in August of 2007, she moved in with her mother, 15) around the 1st of October 2007, Howard moved in with a man she had only known since August 2007 but whom she supposedly intended to marry, 16) Howard's caseworker described the relationship between Howard and her boyfriend as on and off, 17) Howard held no formal job during the time the case was pending although she periodically received money for styling the hair of family members and friends, 18) a week prior to the final hearing, Howard had suicidal thoughts due to the idea of having her parental rights terminated, 19) Howard had not entered a drug treatment program although it was part of her service plan, 20) she did not complete parenting classes (which consisted of attendance on only two Saturdays) until a short time before the final hearing, 21) although Howard attended six individual counseling sessions, she did not believe they talked about anything beneficial to her, 22) Howard did not take all of her required drug tests, and 23) the child has bonded to her foster mother who has expressed an interest in adopting her. This is sufficient evidence upon which a rational fact finder could form a firm conviction or belief that termination of the parent/child relationship was in the best interest of the child. *See In re A.D.,* 203 S.W.3d 407, 413 (Tex. App.–El Paso 2006, no pet.) (stating that the mother's continued use of drugs, her arrest for shoplifting to support her drug habit, her failure to secure employment, and her failure to provide housing supported

4

a finding that termination was in the child's best interest).  In short, the evidence is both legally and factually sufficient to permit termination.

Accordingly, the order of termination is affirmed.


Brian Quinn
Chief Justice