Opinion filed March 19, 2009











 
 
  
 
 







 
 
  
 
 




Opinion filed March 19,
2009

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                  ___________

 

                                                          No. 11-08-00080-CV 

                                                    __________

 

                 IN THE INTEREST OF P.N.M. AND R.T.M., CHILDREN

 



 

                                          On
Appeal from the 90th District Court

 

                                                       Stephens
County, Texas

 

                                                   Trial
Court Cause No. 29,237               



 

          M E M O R A N D U M   O P I N I O N

This
is an involuntary termination action.  The Department of Family and Protective
Services (the Department) filed suit to terminate the parent-child relationship
between Jamie Lynn Hudgins and her children, P.N.M., R.T.M., and Z.F.  Z.F. was
placed with his paternal grandmother and is not part of this appeal.  The trial
court conducted a bench trial and then terminated the parent-child relationship
between Hudgins and P.N.M. and R.T.M.  We affirm.

                                                               Background
Facts








   
The Department received a referral when Hudgins=s
youngest child, two-year-old Z.F., was seen wandering in the streets without
any clothes on.  This was not the first time that the Department had received a
call concerning possible neglect of or injury to Hudgins=s children, and it had previously offered her
family-based services.  This time, Hudgins=s
children were removed.  The trial court named the Department temporary managing
conservator of the three children and ordered Hudgins to take specified actions
to obtain their return, such as attend a psychological evaluation, counseling,
and parenting classes.  The Department prepared a family service plan.  That
plan included the court-ordered actions, but it also required Hudgins to
maintain employment, to obtain safe housing, and to notify the Department
within five days of any change of address.  

Hudgins
was living with her boyfriend at her mother=s
house in Breckenridge.  She attended a few parenting classes.  However, in
November 2006, she left town without telling the Department where she was
going.  Hudgins contacted the Department in May.  She told the Department that
she had been abused by her boyfriend and was in a shelter in Mineral Wells. 
She also asked to restart her services.  Because she had moved, it was
necessary to obtain a new caseworker, and the Department began the process of
reassigning her case and resuming her services.  However, before that was
completed, Hudgins was arrested.  Hudgins had been previously placed on
three-year deferred adjudication for forgery.  She tested positive in December
2006 for amphetamines and cannabinoids, and she failed to comply with several
terms and conditions of her community supervision.  Hudgins=s community supervision was
revoked, and she was sentenced to fifteen months confinement.  She was still
incarcerated at the time of trial.

                                                                         Issues

 Hudgins
contends that the evidence is legally or factually insufficient to establish
any of the basis upon which the trial court relied to justify termination and
that it is legally or factually insufficient to establish that termination is
in the children=s best
interest.

                                                              Standard
of Review

Texas
courts have long recognized that the natural right existing between a parent
and child is of  Aconstitutional
dimensions.@  Wiley
v. Spratlan, 543 S.W.2d 349, 352 (Tex. 1976).  There is a strong
presumption that the best interest of a child is served by keeping the child
with the natural parent.  In re G.M., 596 S.W.2d 846 (Tex. 1980).  Thus,
involuntary termination proceedings and statutes are strictly scrutinized in
favor of the parent.  Holick v. Smith, 685 S.W.2d 18, 20-21 (Tex. 1985).








Due
process requires that the grounds for termination be established by clear and
convincing evidence.  This requires the measure or degree of proof that will
produce in the mind of the trier of fact a firm belief or conviction as to the
truth of the allegations sought to be established.  Tex. Fam. Code Ann. '
101.007 (Vernon 2008); Transp. Ins. Co. v. Moriel, 879 S.W.2d 10, 31
(Tex. 1994).

 When
conducting a legal sufficiency review, we review the entire record in the light
most favorable to the finding and determine whether a reasonable trier of fact
could have formed a firm belief or conviction that its finding was true.  In
re J.F.C., 96 S.W.3d 256, 266 (Tex. 2002).  We must assume that the trial
court resolved disputed facts in favor of its finding.  Phillips v. Tex. Dep=t of Protective &
Regulatory Servs., 149 S.W.3d 814, 817 (Tex. App.CEastland 2004, no pet.).  We must also
disregard all evidence that a reasonable factfinder could have disbelieved or
found incredible, but we cannot disregard undisputed facts.  In re J.F.C.,
96 S.W.3d at 266.

When
conducting a factual sufficiency review, we give due consideration to the
evidence the trial court could reasonably have found to be true.  In re
J.F.C., 96 S.W.3d at 266.  We must determine whether the evidence is such
that the trial court could reasonably have formed a firm belief or conviction
regarding the allegations.  Id.  We must also consider whether the
disputed evidence is such that a reasonable factfinder could not have resolved
the disputed evidence in favor of its finding.  Id.  While we do not
view the evidence in the light most favorable to the challenged finding, our
review must maintain the respective roles of trial courts and appellate
courts.  In re C.H., 89 S.W.3d 17, 26 (Tex. 2002).  If, in light of the
entire record, the disputed evidence establishes that a reasonable factfinder
could not have formed a firm belief or conviction in favor of the finding, then
the evidence is factually insufficient.  In re J.F.C., 96 S.W.3d at
266.  

                                                         Grounds
For Termination

The
trial court found that Hudgins:

*          knowingly
placed or knowingly allowed the children to remain in conditions or
surroundings which endanger the physical or emotional well-being of the
children;

 

*          engaged
in conduct or knowingly placed the children with persons who engaged in conduct
which endangers the physical or emotional well-being of the children;

 








*          constructively
abandoned the children who have been in the permanent or temporary managing
conservatorship of the Department of Family and Protective Services or an
authorized agency for not less than six months and: (1) the Department or
authorized agency has made reasonable efforts to return the children to the
mother; (2) the mother has not regularly visited or maintained significant
contact with the children; and (3) the mother has demonstrated an inability to
provide the children with a safe environment;

 

*          failed
to comply with the provisions of a court order that specifically established
the actions necessary for the mother to obtain the return of the children who
have been in the permanent or temporary managing conservatorship of the
Department of Family and Protective Services for not less than nine months as a
result of the children=s
removal from the parent under Chapter 262 for the abuse or neglect of the
children.

 

Hudgins
challenges the legal and factual sufficiency of the evidence supporting each of
these findings.  We turn first to the trial court=s
final ground B the
failure to comply with the provisions of a court order establishing the actions
necessary for the return of the children.

After
the children were removed, the trial court held an adversary hearing and
entered a temporary order.  The court found that there was sufficient cause to
justify removing the children, appointed the Department temporary managing
conservator, and ordered Hudgins to take the following actions to obtain her
children=s return:

1.         attend a psychological or psychiatric evaluation;

2.         attend counseling;

3.         attend parenting classes;

4.         participate in drug and alcohol assessment and
testing; and

5.         comply with the Department=s Service Plan.

The Department
prepared a service plan.  In addition to the court-ordered actions, the plan
also required Hudgins to maintain employment and housing and to provide the
Department with current addresses and phone numbers.








Hudgins
did not attend a psychological or psychiatric evaluation and denied that one
was scheduled.  She did not participate in counseling or have a drug and
alcohol assessment done.  She attended a few parenting classes but did not
complete them because she moved without telling the Department where she was
going.  In May, when she contacted the Department, a new caseworker was
appointed; however, Hudgins was arrested before she could participate in any
services.  Hudgins acknowledged that she was required to work toward getting
her own home but admitted that she had been unable to do so.  Instead, she had
lived with family and friends during the entire pendency of this case.  She
also acknowledged her obligation to live drug-free and crime-free and admitted
that she had failed to do this as well.  Hudgins agreed that she had basically
not done anything the service plan required her to do.

Hudgins
acknowledges that the burden of complying with a court order is on her, even if
she is incarcerated.  See Thompson v. Tex. Dep=t of Family & Protective Servs., 176
S.W.3d 121, 127 (Tex. App.CHouston
[1st Dist.] 2004, pet. denied).  She concedes that she did not complete all
required activities but contends that she was not given a chance to do so. 
While Hudgins is critical of the Department, the fact remains that her failure
to comply is principally due to her disappearance for several months and her
arrest and incarceration.  The evidence is both legally and factually
sufficient to establish that she did not comply with the court order and,
therefore, termination was appropriate pursuant to Tex. Fam. Code Ann. '
161.001(O) (Vernon 2008).  Hudgins=s
third issue is overruled.  Because of this holding, it is unnecessary to
address either her first or second issues.  Tex.
R. App. P. 47.1.

                                                        Best
Interest of the Children

A
statutory act of omission or commission must be coupled with a finding that
termination of the parent-child relationship is in the best interest of the
children.  In re A.D. & V.G.D., 203 S.W.3d 407, 412-13 (Tex. App.CEl Paso 2006, no pet.). 
When reviewing the sufficiency of the best-interest evidence, we apply the
nonexclusive factors found in Holley v. Adams, 544 S.W.2d 367, 371-72
(Tex. 1976).  These factors include (1) the desires of the children; (2) the
emotional and physical needs of the children now and in the future; (3) the
emotional and physical danger to the children now and in the future; (4) the
parental abilities of the individuals seeking custody; (5) the plans for the
children by these individuals; (6) the stability of the home; (7) the acts or
omissions of the parent that may indicate that the existing parent-children
relationship is not a proper one; and (8) any excuse for the acts or
omissions of the parent.  Id.  The Department is not required to prove
all eight of these factors.  In re C.H., 89 S.W.3d at 27.  In an appropriate
case, undisputed evidence of just one factor may be sufficient.  Id. 








Hudgins
has a history of drugs and criminal misconduct.  A parent=s drug addiction poses an
emotional and physical danger to their children.  In re C.A.J., 122
S.W.3d 888, 893 (Tex. App.CFort
Worth 2003, no pet.).  A parent=s
inability to avoid arrest or incarceration is also relevant to a best-interest
determination.  In re D.M., B.W., & J.C.W., 58 S.W.3d 801, 814 (Tex.
App.CFort Worth 2001,
no pet.).  Hudgins failed to participate in the court-ordered drug and alcohol
assessment and testing, and she later tested positive for drugs on a test
administered as part of her community supervision.  She testified that she was
clean now but admitted that she had been using drugs.  When the police arrived
at the house in response to her two-year-old being found wandering in the
street naked, she hid because she had an active warrant for her arrest.  She
was incarcerated during much of this case because of the failed drug test and
her inability to comply with the terms and conditions of her community
supervision.

Hudgins
had been the subject of several prior CPS referrals.  These involved various
allegations of neglect and abuse.  Hudgins disappeared for several months and
had no contact with the children.  Even her mother did not know where she was. 
A CASA volunteer noted that the children did not seem upset when their mother
failed to appear for visitation.  Hudgins never obtained a place of her own to
live.  Even though required to maintain employment, she worked only four months
at a Sonic restaurant.  Hudgins failed to comply with the terms of the trial
court=s temporary
order, the Department=s
family service plan, and the terms and conditions of her community
supervision.  The trial court could reasonably conclude that Hudgins=s past misconduct would
continue in the future and could also consider her apparent lack of interest in
her children and their lack of attachment to her.

            The
trial court could also consider the children=s
need for a safe and stable home environment.  P.N.M. was nine years old, and
R.T.M. was seven years old at the time of trial.  When the Department removed
them from Hudgins, they had been living with her and her abusive boyfriend at
Hudgins=s mother=s house.  The police had
been required to come to the house on several occasions, usually because of a
lack of supervision over the children.  The Department had given Hudgins a
safety device to keep the doors locked, but the day Z.F. was found walking down
the street, it was not being used.








The
Department placed P.N.M. and R.T.M. with the Children=s Methodist Home.  There were some adjustment
issues, but they appeared to be doing well.  Their medical needs were being
taken care of, and they saw a counselor on a regular basis.  A Department
caseworker believed they were adoptable.  The trial court could reasonably
consider the children=s
need for stability and Hudgins=s
inability to provide it and determine that termination of her parental rights
was the children=s
best hope for obtaining a safe and stable home environment.

The
evidence is legally and factually sufficient to support the trial court=s determination that
termination was in the children=s
best interest.  Hudgins=s
fourth issue is overruled.

                                                            Holding

The
trial court=s judgment
is affirmed in all respects.

 

 

RICK STRANGE

JUSTICE

 

March 19, 2009

Panel consists of:  Wright, C.J.,


McCall, J., and Strange, J.