COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

)
 ) No. 08-05-00354-CV
IN THE INTEREST OF A.D. and V.G.D,          )
CHILDREN,                                                        )                             Appeal from
)
) 65th District Court
)
) of El Paso County, Texas
)
) (TC# 2004CM6834)

O P I N I O N

            Rosalinda Duarte appeals from an order terminating parental rights to her daughters. Finding
the evidence to be both legally and factually sufficient to support the trial court’s findings, we affirm.
FACTUAL SUMMARY
            Rosalinda Duarte has two daughters, A.D. and V.G.D. CPS first became involved with the
family in August 2001. The children were removed from their mother and placed into foster care
with Teresa Peoples from April 2002 until March 2003. The primary risk for the family environment
was Duarte’s drug abuse. CPS provided Duarte with counseling services and drug testing. She was
reunited with her children once she secured employment, located housing, maintained her sobriety,
and continued her counseling sessions. 
            By October 2004, Duarte had returned to using drugs, was unemployed, and no longer had
housing. Duarte was with her six-year-old daughter when she was cited by police for shoplifting.
Although Duarte was not arrested, police did not release her because they believed she was
intoxicated. Duarte admitted she was high and had drugs inside her purse. Police escorted her to
her parents’ home to find a suitable caretaker for the child. Upon arrival, police noticed Duarte’s
four-year-old daughter playing outside unsupervised. Police knocked on the door for one hour
before they finally got a response from Duarte’s brother. He is schizophrenic and denied knowing
Duarte. Police also saw Duarte’s other brother inside the home, but he was confined to a wheelchair
and could not talk. After trying to place the children with other family members without success,
police notified CPS. The children were placed back into foster care with Peoples. 
            On November 2, 2004, CPS was named temporary managing conservator of the children. 
It developed a Family Service Plan which required Duarte to perform certain tasks to ensure the
reunification with her children would provide them with a safe environment. The plan required
Duarte to accomplish her goals by March 31, 2005. In April, the trial court conducted a permanency
hearing and found that Duarte had failed to comply with the service plan. By July, CPS had
determined Duarte was still non-compliant and sought termination of her parental rights. Another
permanency hearing was held in August and Duarte still had not complied with the plan. Her rights
were terminated in October 2005. 
TERMINATION OF PARENTAL RIGHTS
            To terminate parental rights, a petitioner must establish by clear and convincing evidence that
(1) the parent has committed one or more of the statutory acts or omissions, and (2) termination is
in the best interest of the child. Tex.Fam.Code Ann. § 161.001(1), (2)(Vernon Supp. 2005); In the
Interest of J.L., 163 S.W.3d 79, 85 (Tex. 2005). The trial court based the termination of Duarte’s
parental rights on the following statutory grounds:
(1) knowingly placed or knowingly allowed the children to remain in conditions or
surroundings which endanger the physical or emotional well-being of the children; 
 
(2) engaged in conduct or knowingly placed the children with persons who engaged
in conduct which endangers the physical or emotional well-being of the children;
 
(3) failed to comply with the provisions of the court order that specifically
established the actions necessary for the mother to obtain the return of the children
who have been in the permanent or temporary managing conservatorship of the
Department of Family and Protective Services for not less than nine months as a
result of the children’s removal from the parent under Chapter 262 for the abuse or
neglect of the children;
 
(4) used a controlled substance, as defined by Chapter 481, Health and Safety Code,
in a manner that endangered the health or safety of the children, and (1) failed to
complete a court-ordered substance abuse treatment program; or (2) after completion
of the court-ordered substance abuse treatment program continued to abuse a
controlled substance. 

Tex.Fam.Code Ann. § 161.001 (D),(E),(O), (P)(Vernon Supp. 2005). The trial court also
concluded that termination was in the best interest of the children. In ten issues for review, Duarte
complains that the evidence is legally and factually insufficient to support the trial court’s findings
on both prongs. 
Standard of Review
            Due process requires the application of the clear and convincing evidence standard in cases
involving the termination of parental rights. In the Interest of J.F.C., A.B.C., and M.B.C., 96 S.W.3d
256, 263 (Tex. 2002), citing Santosky v. Kramer, 455 U.S. 745, 769, 102 S.Ct. 1388, 71 L.Ed.2d 599
(1982); Castaneda v. Texas Dept. of Protective and Regulatory Services, 148 S.W.3d 509, 523
(Tex.App.--El Paso 2004, pet. denied). Codifying the constitutional requirement, the Family Code
provides that the burden of proof in termination cases is clear and convincing evidence. 
Tex.Fam.Code Ann. § 161.001(1), (2). Clear and convincing evidences means the measure or
degree of proof that will produce in the mind of the trier of fact a firm belief or conviction as to the
truth of the allegations sought to be established. Tex.Fam.Code Ann. § 101.007 (Vernon 2002). 
This intermediate standard falls between preponderance of the evidence of ordinary civil proceedings
and the reasonable doubt standard utilized in criminal proceedings. State v. Addington, 588 S.W.2d
569, 570 (Tex. 1979); Castaneda, 148 S.W.3d at 523.
            In conducting our legal sufficiency review, we must review the evidence in the light most
favorable to the finding in order to determine whether a reasonable trier of fact could have formed
a firm belief or conviction about the truth of such findings. In re J.L., 163 S.W.3d at 85, citing In
re J.F.C., 96 S.W.3d 256, 266 (Tex. 2002); Castaneda, 148 S.W.3d at 523. To give appropriate
deference to the fact finder, we must assume the fact finder resolved disputed facts in favor of its
finding if a reasonable fact finder could do so. Id. A corollary to this requirement is that we should
also disregard all evidence that a reasonable fact finder could have disbelieved or found to have been
incredible. Id. This does not mean we must disregard all evidence that does not support the finding,
but if we determine no reasonable fact finder could have formed a firm belief or conviction that the
matter to be proven is true, then the evidence is legally insufficient. Id. 
            In conducting a factual sufficiency review, we must also give due consideration to the
evidence the fact finder could reasonably have found to be true. In re J.F.C., 96 S.W.3d at 266;
Castaneda, 148 S.W.3d at 523. We must determine whether the evidence is such that a fact finder
could reasonably have formed a firm belief or truth regarding the allegations. Id. We must also
consider whether the disputed evidence is such that a reasonable fact finder could not have resolved
the disputed evidence in favor of its finding. Id. While we do not view the evidence in the light
most favorable to the challenged finding, our review must maintain the respective constitutional
roles of juries and appellate courts. In the Interest of C.H., 89 S.W.3d 17, 26 (Tex. 2002);
Castaneda, 148 S.W.3d at 523. If, in light of the entire record, the disputed evidence establishes that
a reasonable fact finder could not have formed a firm belief or conviction in favor of the finding,
then the evidence is factually insufficient. In re J.F.C., 96 S.W.3d at 266; Castaneda, 148 S.W.3d
at 523.
Statutory Omission or Commission
            CPS developed a Family Service Plan for Duarte in November 2004 which required her to
comply with the following tasks:
(1) seek treatment to become drug free and submit to a drug assessment with Dr. Henneburg, 
 
(2) attend counseling to deal with her issues regarding harmful and illegal behaviors such
as drug use and shoplifting, 
 
(3) seek and secure employment and demonstrate the ability to provide a safe home and
provide the basic needs for her children without resorting to illegal activities such as
shoplifting, 
 
(4) attend parenting classes and show an interest in and an understanding of what she is
learning, 
 
(5) learn to keep drugs and criminal activity out of the family home and the lives of her
children, 
 
(6) stay away from associations of people who influence her drug use and illegal activities,
and 
 
(7) maintain her appointments and act cooperatively with all the individuals who are trying
to help her. 

On December 13, 2004, Duarte missed her first scheduled appointment for drug assessment with
Dr. Vince Henneburg. Her second appointment was scheduled for January 31, 2005 with counselor
Elizabeth Brown at the Henneburg Counseling Center. Duarte arrived early to her 7 p.m.
appointment, waited until 7:10 p.m., and then left. Brown testified she was delayed five minutes
because she was in session with another client. There was no evidence Duarte ever attempted to
reschedule her appointment for a drug assessment with Dr. Henneburg. Duarte also failed to report
for drug testing between January 17 and February 1.
            In March 2005, Duarte was arrested again for shoplifting. She was using the money she made
from shoplifting to buy drugs from her friends. On March 18, drug test results indicated Duarte was
using both cocaine and alcohol. By April, Duarte had voluntarily joined Drug Court which required
her to remain drug free. It also provided services, including in- and out-patient drug counseling,
random drug testing, and parenting sessions. Duarte submitted to drug tests on April 11, June 21,
June 27, and the results of each test indicated she was using cocaine. Duarte failed to complete
either her in-patient services at Aliviane or her parenting sessions. She was eventually dropped from
Drug Court in July because she stopped participating.
            In September 2005, Duarte began making efforts to comply with some of the requirements. 
She was required to attend out-patient Aliviane services in August as a requirement for Drug Court,
and although she failed to attend in August, she did begin services in September. She enrolled in
parenting and anger management classes and began to pay for her own drug screening. However,
the September 12 drug test revealed she was still using cocaine and alcohol.
            By October 2005, Duarte remained unemployed and did not have housing for the children.
Her CPS caseworker, Myra Luna, testified about Duarte’s employment history. According to Luna,
Duarte worked for Wal-mart for two to three days in January, had worked in a cannery, and had
performed some housecleaning services. According to Duarte, she would stay some nights with her
parents or her sister and other nights with her friends.
            This evidence established that Duarte was not in compliance with the Family Service Plan. 
She did not submit to a drug assessment with Henneburg, secure employment, demonstrate the
ability to provide a safe home, refrain from drug use, or maintain her appointments. Duarte admitted
as much. In reviewing the evidence in the light most favorable to the finding, we conclude a
reasonable trier of fact could have formed a firm belief or conviction that Duarte failed to comply
with the provisions of the court ordered Family Service Plan which specifically established the
actions necessary for her to reunite with her children who had been in the temporary managing
conservatorship of CPS. Tex.Fam.Code Ann. § 161.001(1)(O). The evidence was legally sufficient
to establish the statutory predicate of omission under paragraph (O).
            Duarte next argues the evidence is factually insufficient because several months before trial
she had provided clean drug screens, obtained parenting classes, and attended drug treatment. 
Although some of the drug screens did indicate sobriety, the record also demonstrates Duarte
continued using drugs because she tested positive for cocaine and alcohol in September 2005. While
Duarte completed ten hours of parenting classes with Ralph Gallardo, her caseworker testified that
Gallardo was not an approved CPS provider and she had no information regarding his credentials
or curriculum. And although Duarte had made some effort to comply with the service plan by
attending out-patient services at Aliviane, she still failed to meet other material requirements such
as obtaining the drug assessment with Dr. Henneburg, finding employment, and demonstrating an
ability to provide a safe home. In re J.F.C., 96 S.W.3d at 278 (partial compliance is insufficient to
establish complete compliance under court ordered plan). 
            Duarte also suggests there is factually insufficient evidence to support termination because
the time period required for her to comply with the service plan expired without the court imposing
a new service plan, and there was no service plan in place at the end of the statutory period required
under paragraph (O). To the contrary, the evidence established the trial court reviewed her progress
twice, determined she was non-compliant, and ordered her to comply. Moreover, the statutory
period under paragraph (O) relates to the amount of time the children have been in permanent or
temporary managing conservatorship of the Department of Family and Protective Services, and not
to the amount of time required for compliance with a court ordered provision. Tex.Fam.Code Ann.
§ 161.001(1)(O). 
            On this record, we conclude the evidence is factually sufficient to support the court’s finding
under Section 161.001(1)(O) because a reasonable trier of fact could reasonably have formed a firm
belief or truth that Duarte failed to comply with the provisions of the Family Service Plan. We need
not address the other findings of statutory acts of omission or commission because there was both
legally and factually sufficient evidence to support the trial court’s finding under paragraph(O). 
Wilson v. State, 116 S.W.3d 923, 928 (Tex.App.--Dallas 2003, no pet.). We overrule Issues One
through Eight. 
Best Interest of the Child
            A statutory act of omission or commission must be coupled with a finding that termination
of the parent-child relationship is in the best interest of the child. In reviewing the sufficiency of the
evidence to support the second prong, we apply the non-exclusive factors found in Holley v. Adams,
544 S.W.2d 367, 371-72 (Tex. 1976). In re Jane Doe 2, 19 S.W.3d 278, 282 n.20 (Tex. 2000);
Castaneda, 148 S.W.3d at 524-25. These factors include: (1) the desires of the child; (2) the
emotional and physical needs of the child now and in the future; (3) the emotional and physical
danger to the child now and in the future; (4) the parental abilities of the individuals seeking custody;
(5) the plans for the child by these individuals; (6) the stability of the home; (7) the acts or omissions
of the parent which may indicate that the existing parent-child relationship is not a proper one; and
(8) any excuse for the acts or omissions of the parent. Holley, 544 S.W.2d at 371-72.
            Martha Dominguez is a private family therapist who counseled with A.D. after Peoples
reported that the child was acting sad, having outbursts, and isolating herself from the family. 
Dominguez conducted three sessions with the child in August and September 2005. A.D. said she
was sad because she missed her mother and had not seen her since June 2005. Nevertheless,
Dominguez found that the child had bonded with her foster family. She liked staying with Peoples
because she was able to go to school, make friends, and she did a lot of fun things. Dominguez also
determined that Peoples offered the child stability. 
            Duarte’s caseworker, Myra Luna, reiterated that the children had bonded with Peoples. 
Peoples was active in the girls’ school activities, and took them camping, fishing, and on a trip to
Disneyland. Luna observed that Peoples was able to redirect the children when they did not mind
their manners and the children responded appropriately. Regarding placement, Luna testified the
children are adoptable and that Peoples could be considered as an adoptive parent. From a prior
home study, Luna had concluded that Duarte’s parents would be not be appropriate care givers for
the children because they would return the girls to Duarte when she would become belligerent.
            In reviewing the evidence in the light most favorable to the trial court’s finding, we conclude
that a reasonable trier of fact could have formed a firm belief or conviction that termination was in
the best interest of the children. Duarte was aware she was required to provide the children with a
safe environment prior to reunification. But she continued to use drugs after her children were
removed from her custody, she was arrested for shoplifting to support her drug habit, she failed to
secure employment, and did not provide housing for the children.
            Duarte argues the evidence was factually insufficient because testimony of her shoplifting
was inconclusive, the evidence proving her drug abuse, lack of housing, and employment was scant,
and there was no adoption plan presented before the trial court. We disagree. Duarte admitted to the
acts of shoplifting, using drugs, being unemployed, and failing to provide housing for the children. 
It was within the trial court’s discretion to determine the weight and credibility of her testimony. In
the Interest of K.A.S., J.G.S., and W.S.II, 131 S.W.3d 215, 229-30 (Tex.App.--Fort Worth 2004, pet.
denied). Lack of evidence regarding an adoptive plan--while relevant--is not a conclusive factor in
determinating what is in the best interest of a child. In the Interest of C.H., 89 S.W.3d 17, 28 (Tex.
2002).
            On this record, a reasonable trier of fact could have formed a firm belief or conviction to
support the trial court’s finding that termination of Duarte’s parental rights was in the best interest
of her children. Duarte did not have the means to provide for the children’s needs because she was
unemployed and did not have housing for them. Her recent efforts to remain drug free do not totally
offset her past history of drug abuse. Smith v. Texas Dept. of Protective and Regulatory Services,
160 S.W.3d 673, 681 (Tex.App.--Austin 2005, no pet.). Because the evidence is both legally and
factually sufficient to support a finding that termination was in the best interest of the children, we 
overrule Issues Nine and Ten. The judgment of the trial court is affirmed.

June 29, 2006                                                              
                                                                                    ANN CRAWFORD McCLURE, Justice

Before Barajas, C.J., McClure, and Chew, JJ.