234 S.W.3d 71 (2007)
In the Interest of E.M.E., A Child.
No. 08-06-00240-CV.
Court of Appeals of Texas, El Paso.
March 8, 2007.
Matthew Dekoatz, El Paso, for appellant.
Laura Strathmann, El Paso, for appellee.
Before CHEW, C.J., McCLURE, and CARR, JJ.

OPINION
ANN CRAWFORD McCLURE, Justice.
Eddie Carrillo appeals from a judgment terminating his parental rights to E.M.E. for failure to support the child. For the reasons that follow, we reverse and render judgment.

FACTUAL SUMMARY
Dora Elkabachi[1] and Eddie Carrillo divorced on August 24, 2001. Elkabachi was appointed sole managing conservator of E.M.E., and Carrillo was ordered to pay child support in the amount of $155 per month. The court found that good cause existed to deny Carrillo possession of or access to the child. On January 29, 2002, Carrillo filed a pro se motion seeking to suspend his child support obligation due to his incarceration in the El Paso County jail system. With the assistance of counsel, he filed an amended petition on July 7, 2003 seeking to modify the parent-child relationship. He alleged in the petition that he had been sentenced to nineteen years' imprisonment and that he had been incarcerated since June 9, 2002. The trial court denied the motion on December 8, 2003. Carrillo did not appeal.
On May 17, 2006, Elkabachi filed a petition to terminate the parent-child relationship on the grounds that Carrillo: (1) had failed to support the child during a period of one year ending within six months of the filing date of the petition; (2) had been convicted or placed on community supervision for being criminally responsible for the death or serious injury of a child under *72 Section 21.11 of the Penal Code;[2] and (3) had knowingly engaged in criminal conduct that had resulted in his conviction and confinement or imprisonment and inability to care for the child for not less than two years from the date the petition was filed. The trial court conducted a hearing on September 8, 2006 and subsequently terminated Carrillo's rights on the sole ground that he had failed to support the child during a one year period in accordance with his ability.

SUFFICIENCY OF THE EVIDENCE
In a single issue for review, Carrillo challenges the legal sufficiency of the evidence to support termination under Section 161.001(1)(F). Specifically, he contends that the evidence is insufficient to establish that he had an ability to pay during the pertinent time period. Elkabachi has not favored us with a brief on appeal.
Before parental rights may be terminated, a petitioner must establish by clear and convincing evidence that (1) the respondent parent has committed one or more of the statutory acts or omissions, and (2) termination is in the best interest of the child. Tex.Fam.Code Ann. § 161.001(1), (2)(Vernon Supp.2006); In the Interest of J.L., 163 S.W.3d 79, 85 (Tex.2005). The statutory basis for termination of Carrillo's parental rights is Section 161.001(1)(F):
The court may order termination of the parent-child relationship if the court finds by clear and convincing evidence: that the parent has: failed to support the child in accordance with the parent's ability during a period of one year ending within six months of the date of the filing of the petition.
Tex.Fam.Code Ann. §§ 161.001(1)(F), 161.001(2). One year means twelve consecutive months, and the ability to pay support must exist each month during the twelve-month period. In the Interest of Z.W.C., 856 S.W.2d 281, 283 (Tex.App.-Fort Worth 1993, no writ); Brokenleg v. Butts, 559 S.W.2d 853, 856 (Tex.Civ.App.-El Paso 1977, writ ref'd n.r.e.). The one-year period begins no earlier than eighteen months before the petition to terminate is filed. Yepma v. Stephens, 779 S.W.2d 511, 512 (Tex.App.-Austin 1989, no writ). The burden is on the movant to prove by clear and convincing evidence that the parent had the ability to pay each month. In the Interest of Z.W.C., 856 S.W.2d at 283. Given that Elkabachi filed her petition on May 17, 2006, we must determine whether the evidence established that Carrillo failed to support the child for twelve consecutive months between November 17, 2004 and May 17, 2006. We must also consider whether Elkabachi established by clear and convincing evidence that Carrillo had an ability to pay within that same twelve-month period.
Due process requires clear and convincing evidence before parental rights are terminated. In the Interest of J.F.C., A.B.C., and M.B.C., 96 S.W.3d 256, 263 *73 (Tex.2002); In the Interest of A.D., 203 S.W.3d 407, 410 (Tex.App.-El Paso 2006, no pet.). Codifying the constitutional requirement, the Family Code provides that the burden of proof in termination cases is clear and convincing evidence. Tex.Fam. Code Ann. § 161.001(1), (2). Clear and convincing evidence means the measure or degree of proof that will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established. Tex.Fam. Code Ann. § 101.007 (Vernon 2002). This intermediate standard falls between preponderance of the evidence of ordinary civil proceedings and the reasonable doubt standard utilized in criminal proceedings. State v. Addington, 588 S.W.2d 569, 570 (Tex.1979); In re A.D., 203 S.W.3d at 410.
In conducting our legal sufficiency review, we must review the evidence in the light most favorable to the finding in order to determine whether a reasonable trier of fact could have formed a firm belief or conviction about the truth of such findings. In re J.F.C., 96 S.W.3d 256, 266 (Tex. 2002); In re A.D., 203 S.W.3d at 410. To give appropriate deference to the fact finder, we must assume the fact finder resolved disputed facts in favor of its finding if a reasonable fact finder could do so. In re J.F.C., 96 S.W.3d at 266; In re A.D., 203 S.W.3d at 410. We should also disregard all evidence that a reasonable fact finder could have disbelieved or found to have been incredible. Id. This does not mean we must disregard all evidence that does not support the finding, but if we determine no reasonable fact finder could have formed a firm belief or conviction that the matter to be proven is true, then the evidence is legally insufficient. Id.
E.M.E. was born on April 19, 2001. Elkabachi and Carrillo separated six weeks later. The record reflects that Carrillo was continuously incarcerated from April 2002 through June 19, 2006, when he was released on bond after his conviction was set aside by the Court of Criminal Appeals. Carrillo testified that he had not paid any child support as a result of his incarceration and that he had no ability to pay. He did not have any income while in prison and received only $20 a month from his family for personal hygiene products. If he had not been given that money each month, he would not have been able to buy these items.
Citing Brokenleg v. Butts, 559 S.W.2d 853 (Tex.Civ.App.-El Paso 1977, writ ref'd n.r.e.), Elkabachi argued at trial that the child support order contains an implied finding that Carrillo has the ability to pay the amount of child support ordered. The issue here, however, is whether this implied finding is applicable in a termination proceeding as opposed to a contempt proceeding. We recognize that the Corpus Christi Court of Appeals has relied upon implied findings in a termination suit. In the Interest of R.R.F., 846 S.W.2d 65, 68 (Tex.App.-Corpus Christi 1993, writ denied).[3] Likening a termination proceeding based on Section 161.001(1)(F) to a contempt proceeding, the court additionally held that inability to pay is an affirmative defense which requires the responding parent to prove that he did not have the ability to pay. In the Interest of R.R.F., 846 S.W.2d at 68. But inability to pay is a statutory affirmative defense in a contempt *74 proceeding. Tex.Fam.Code Ann. § 157.008(c)(Vernon 2002); see Morris, 2004 WL 792201 at *4. Section 161.001 does not create a similar affirmative defense in termination proceedings. Morris, 2004 WL 792201 at *4. To the contrary, Section 161.001(1)(F) squarely places the burden to prove ability to pay on the petitioner.
The Corpus Christi Court of Appeals has since reconsidered its holding in R.R.F. See In the Interest of D.S.P., 210 S.W.3d 776 (Tex.App.-Corpus Christi 2006, no pet.). It concluded that requiring the respondent to present evidence of inability to pay wrongfully shifts the burden and excuses the petitioner from proving that the parent failed to support in accordance with the parent's ability. In re D.S.P., 210 S.W.3d at 781. We agree with this analysis and likewise hold that Elkabachi had the burden to prove Carrillo had the ability to pay.
It is undisputed that Carrillo did not support E.M.E. during the relevant time period, and that he had no income while in prison. Elkabachi did not produce any evidence showing that he had an ability to pay. Because the evidence is legally insufficient to support termination under Section 161.001(1)(F), we sustain Issue One. We reverse and render judgment denying termination.
NOTES
[1] Elkabachi's name was changed in the divorce decree from Dora Carrillo to Dora Elkabachi. The child's name was also changed
[2] Carrillo was charged with two counts of indecency with a child, one by contact and one by exposure. He entered a guilty plea to one of the counts and was placed on deferred adjudication community supervision. His probation was subsequently revoked and his punishment was assessed at a nineteen year term of imprisonment. On May 10, 2006, the Court of Criminal Appeals granted habeas corpus relief and set aside the conviction after finding that the plea was involuntary because Carrillo had not been correctly advised of the range of punishment during the guilty plea. Ex parte Carrillo, No. AP-75,400, 2006 WL 1249065 (Tex.Crim.App. May 10, 2006)(unpublished). At the time of the hearing on the petition to terminate, Carrillo was free on a $40,000 bond. The record before us indicates Appellant's criminal case was scheduled for jury trial in October 21, 2006 but it does not reflect whether the case went to trial or the outcome.
[3] The Fort Worth Court of Appeals followed R.R.F. in In the Interest of J.M.M., 80 S.W.3d 232, 250-51 (Tex.App.-Fort Worth 2002, pet. denied). The Austin Court of Appeals refused to apply an implied finding, holding that inability to pay is not an affirmative defense in a termination case. Morris v. Barnes, No. 03-02-00546-CV, 2004 WL 792201, at *4 (Tex. App.-Austin April 15, 2004, no pet.).