COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| | § | No. 08-08-00058-CV |
| | § | Appeal from |
| IN THE INTEREST OF J.R., A CHILD. | § | 65th District Court |
| | § | of El Paso County, Texas |
| | § | (TC # 2007CM2413) |
| | § | |

## O P I N I O N

Topiltzin Candelas appeals an order terminating his parental rights. In his sole issue for review, he challenges the sufficiency of the evidence to support the statutory predicates for termination. He does not complain that the evidence fails to establish that termination is in the best interest of the child. For the reasons that follow, we affirm.

## FACTUAL SUMMARY

J.R. was born on March 16, 1998 to Dalila Ives and Topiltzin Candelas. The child's parents were never married. Dalila has not seen Topiltzin since 1997 or 1998. She secured a protective order at one point because he threatened her and her house was burned. Topiltzin has never seen J.R., he has never called the child, and he has never contributed any child support. He has been in prison since 2003 for aggravated assault on a public servant, and he has served time for federal bank robbery.

Dalila has known Joel Ives for eleven years and they married in 2000. Together they have a son, Armando. Although the Ives divorced in 2001, they have reconciled and are again living together as a family. J.R. and Armando have been raised as brothers. Dalila and Joel filed an

original petition to terminate the parent-child relationship between Topiltzin and J.R., and a petition for step-parent adoption. Nora Garcia was appointed to prepare a pre-adoptive home screening and post-placement adoptive report. Allison Gutierrez as was appointed as attorney ad litem.

The case was set for trial on October 26, 2007. Neither Topiltzin nor his attorney appeared at the hearing despite the requisite notice. Dalila and Joel testified, and the trial court took judicial notice of the home study. The ad litem recommended termination and adoption. The trial court terminated Topiltzin's parental rights, granted the step-parent adoption, and granted a name change for the child.

## SUFFICIENCY OF THE EVIDENCE

In his sole point of error, Topiltzin challenges the legal and factual sufficiency of the evidence to establish the statutory basis for termination.

### *Standard of Review*

Due process requires the application of the clear and convincing evidence standard in cases involving the termination of parental rights. *In Interest of J.F.C., A.B.C., and M.B.C.,* 96 S.W.3d 256, 263 (Tex.2002), *citing Santosky v. Kramer,* 455 U.S. 745, 769, 102 S.Ct. 1388, 71 L.Ed.2d 599 (1982). Codifying the constitutional requirement, the Family Code provides that the burden of proof in termination cases is clear and convincing evidence. TEX.FAM.CODE ANN. § 161.001(1), (2) (Vernon 2008). Clear and convincing evidence means the measure or degree of proof that will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established. TEX.FAM.CODE ANN. § 101.007 (Vernon 2008). This intermediate standard falls between preponderance of the evidence of ordinary civil proceedings and the reasonable doubt standard utilized in criminal proceedings. *State v. Addington,* 588 S.W.2d 569, 570 (Tex.1979).

Given this elevated burden of proof, the traditional legal and factual sufficiency standards of review are inadequate. *J.F.C.,* 96 S.W.3d at 265; *In Interest of C.H.,* 89 S.W.3d 17, 25 (Tex.2002). The traditional legal sufficiency standard, which upholds a finding supported by anything more than a scintilla of evidence, is inadequate when proof by clear and convincing evidence is required. *J.F.C.,* 96 S.W.3d at 264-65. Instead, review must take into consideration whether the evidence is such that a fact finder could reasonably form a firm belief or conviction about the truth of the matter on which the State bears the burden of proof. *Id.* at 266. To give appropriate deference to the fact finder, the reviewing court must assume that the fact finder resolved disputed facts in favor of its finding if a reasonable fact finder could do so. Consequently, a court should disregard all evidence that a reasonable fact finder could have disbelieved or found to have been incredible, but it doesn't require a court to disregard all evidence that does not support the finding. *Id.* at 266. If the court determines that no reasonable fact finder could form a firm belief or conviction that the matter to be proven is true, then the evidence is legally insufficient.

In a factual sufficiency review, we must give due consideration to evidence that the fact finder could reasonably have found to be clear and convincing. *Id., citing In re C.H.,* 89 S.W.3d at 25. The inquiry must be whether the evidence is such that a fact finder could reasonably form a firm belief or conviction about the truth of the allegations. A court of appeals should consider whether disputed evidence is such that a reasonable fact finder could not have resolved disputed evidence in favor of its finding. While we do not view the evidence in the light most favorable to the challenged finding, our review must maintain the respective constitutional roles of juries and appellate courts. *Id.* at 26. If, in light of the entire record, the disputed evidence that a reasonable fact finder could not have credited in favor of the finding is so significant that the fact finder could not reasonably have formed a firm belief or conviction, then the evidence is factually insufficient. *J.F.C.* 96 S.W.3d

at 266.

*Termination of Parental Rights*

Before parental rights may be terminated, the petitioner must establish by clear and convincing evidence that (1) the respondent parent has committed one or more of the statutory acts or omissions, and (2) termination is in the best interest of the child. *In the Interest of E.M.E.*, 234 S.W.3d 71, 72 (Tex.App.--El Paso 2007, no pet.); TEX.FAM.CODE ANN. § 161.001 (Vernon Supp. 2009). Dalila pled that Topiltzin committed the following three statutory predicates specified in Section 161.001(1):

> (C) voluntarily left the child alone or in the possession of another without providing adequate support of the child and remained away for a period of at least six months;

> .    .    .

> (F) failed to support the child in accordance with the parent's ability during a period of one year ending within six months of the date of the filing of the petition;

> .    .    .

> (Q) knowingly engaged in criminal conduct that has resulted in the parent's:

>> (i) conviction of an offense; and

>> (ii) confinement or imprisonment and inability to care for the child for not less than two years from the date of filing the petition;

TEX.FAM.CODE ANN. § 161.001 (1)(C), (F), (Q).

*Section 161.001(1)(C)*

Dalila alleged, and the trial court found, that Topiltzin voluntarily left the child alone or in the possession of another without providing adequate support of the child and remained away for a period of at least six months. Topiltzin contends that Dalila's testimony merely established that he had not supported her and did not prove he had failed to support J.R. The record belies this

argument:

> [Ms. Bradley]  And who is the natural father of [J.R.]?
>
> [Dalila]       Topiltzin Candelas.
>
> [Ms. Bradley]  Has Mr. Candelas ever seen [J.R.]?
>
> [Dalila]       No.
>
> [Ms. Bradley]  Has he ever given you any kind of child support to support the child?
>
> [Dalila]       No.
>
> .    .    .
>
> [Ms. Bradley]  He's never given any kind of support for [J.R.]?
>
> [Dalila]       No.
>
> [Ms. Bradley]  Never called him?
>
> [Dalila]       No.
>
> [Ms. Bradley]  Never seen the boy?
>
> [Dalila]       No.

Subsection 161.001(1)(C) is commonly referred to as the abandonment ground. *In the Interest of A.T.C.*, No. 07-08-0258-CV, 2008 WL 5204747 at *3 (Tex.App.--Amarillo Dec. 12, 2008, no pet.); *In the Interest of K.A.H.*, 195 S.W.3d 840, 841 n.2 (Tex.App.--Dallas 2006, no pet.). The six-month period is a period of at least six consecutive months. *In re A.T.C.*, at *3. Indeed, we find that case persuasive here as it is nearly factually identical. There, as here, the father was not interested in having a relationship with his son, who was eight years old at the time of trial. The mother testified that the father "had no contact with A.T.C. after he was one year old." *Id.* Neither the father nor his family provided support over the years and according to Attorney General reports, no child support had been paid since 2003. In finding that the evidence was both legally and

factually sufficient, the court concluded "[t]he evidence is clear and convincing that [the father] voluntarily left A.T.C. in [the mother's] possession without providing adequate support and that [he] remained away for a period of six consecutive months." *Id.* The same is true here. The evidence is both legally and factually sufficient to support termination pursuant to Section 161.001(C).

### Section 161.001(F)

Dalila alleged, and the trial court found, that Topiltzin failed to support J.R. in accordance with his ability during a period of one year ending within six months of the date of the filing of the petition. One year means twelve consecutive months, and the ability to pay support must exist each month during that twelve-month window. *In re E.M.E.*, 234 S.W.3d at 72, *citing In the Interest of Z.W.C.*, 856 S.W.2d 281, 283 (Tex.App.–Fort Worth 1993, no writ). That one-year period begins no earlier than eighteen months before the petition to terminate is filed. *In re E.M.E.*, 234 S.W.3d at 72, *citing Yepma v. Stephens*, 779 S.W.2d 511, 512 (Tex.App.--Austin 1989, no writ). Here, the burden was on Dalila to prove by clear and convincing evidence that Topiltzin had the ability to pay each month. *In re E.M.E.*, 234 S.W.3d at 72. Given that Dalila filed the petition on April 9, 2007, we must determine whether the evidence established that Topiltzin failed to support J.R. for twelve consecutive months between October 9, 2005 and April 9, 2007. Moreover, we must discern whether Dalila established by clear and convincing evidence that Topiltzin had the ability to pay within that same twelve month period.

It is undisputed that Topiltzin paid nothing within this time frame. It is also undisputed that he has been incarcerated since 2003. Dalila offered no evidence that he had the requisite ability to pay. The evidence is thus legally insufficient to support termination under Section 161.001(1)(F). *E.M.E.,* 234 S.W.3d at 74.

### Section 161.001(1)(Q)

Dalila alleged, and the trial court found, that Topiltzin knowingly engaged in criminal conduct that resulted in conviction of an offense and imprisonment and inability to care for the child for not less than two years from the date of filing the petition. TEX.FAM.CODE ANN. § 161.001(1)(Q). The Texas Supreme Court has determined that the time period in this subsection is prospective, meaning that Dalila was required to prove that Topiltzin would be incarcerated for not less than two years from the date she filed the petition to terminate. *See In the Interest of A.V. and J.V.*, 113 S.W.3d 355, 360 (Tex. 2003). The record establishes that Topiltzin went to prison in 2003. Dalila presented no evidence as to the length of his sentence or the likely date of parole or release. Consequently, the evidence is legally insufficient to support termination on this ground.

## CONCLUSION

We have concluded that the evidence is both legally and factually sufficient to support the termination of Topiltzin's parental rights on one of the three statutory predicates found by the trial court. Only one predicate finding under Section 161.001(1) is necessary to support a judgment of termination when there is also a finding that termination is in the child's best interest. *In re A.V.*, 113 S.W.3d at 361. Topiltzin has not challenged the trial court's finding that termination was in J.R.'s best interest. We therefore overrule the sole issue for review and affirm the judgment of the trial court below.

February 3, 2010

_____
ANN CRAWFORD McCLURE, Justice

Before Chew, C.J., McClure, and Rivera, JJ.