

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-18-00194-CV

IN THE INTEREST OF X.G., A.A., M.A., AND A.A., CHILDREN

On Appeal from the County Court at Law No. 1
Randall County, Texas
Trial Court No. 71,834-L1, Honorable Jack M. Graham, Presiding

August 22, 2018

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Appellant, C.A., appeals the trial court's order terminating his parental rights to his children, X.G., A.A., M.A., and A.A.[1] Appointed counsel for C.A. has filed an *Anders*[2] brief in support of a motion to withdraw. Finding no arguable grounds for appeal, we affirm the judgment of the trial court.

---

[1] To protect the privacy of the parties involved, we refer to them by their initials. *See* TEX. FAM. CODE ANN. § 109.002(d) (West Supp. 2017); TEX. R. APP. P. 9.8(b). The mother's rights were terminated at the same proceeding after she executed an affidavit voluntarily relinquishing her parental rights to her children. TEX. FAM. CODE ANN. § 161.001(b)(1)(K) (West 2018). The mother has not appealed.

[2] *See Anders v. California,* 386 U.S. 738 (1967).

## Background

C.A., 37 years old, and the mother are the parents of four children, X.G., A.A., M.A., and A.A. By the time of the final hearing, X.G. was eleven years of age, A.A. was eight, M.A. was seven, and the younger A.A. was one. All four children were living with their maternal grandparents.

The Texas Department of Family and Protective Services became involved with the family in March 2017 when it received a report concerning C.A. At that time, C.A. was on deferred adjudication community supervision for burglary of a building and burglary of a habitation. C.A. tested positive for marijuana and methamphetamine on a community supervision drug screen. The next month, the younger A.A. was born. Both the mother and A.A. tested positive for methamphetamine at the time of the child's birth. As a result, the Department conducted a drug screen on the three older children. M.A. tested positive for methamphetamine. Two days after the younger A.A. was born, the Department filed pleadings that included an original petition for protection of a child, for conservatorship and for termination in suit affecting the parent-child relationship and a pleading requesting emergency removal of the children from the care of their parents. After a hearing, the children were removed and placed in the care of their maternal grandparents.

The final hearing was held in April 2018. A Department caseworker testified to the positive drug tests and allegations of neglectful supervision by C.A. She also testified to C.A.'s admissions of drug use to his community supervision officer and his convictions and resulting sentences based on those admissions.

C.A. also testified. He admitted to his twelve-year history of methamphetamine use. He told the court that in June 2017, he was sent to a three-month intensive supervision facility to address his drug use. He completed the program but, on release, continued to use drugs. In October 2017, C.A. admitted methamphetamine use to his community supervision officer, who supervised his probation in the two criminal cases. He was later arrested, and his community supervision was revoked in both cases. He was sentenced to twelve months in a state jail facility in one case and three years in the Institutional Division of the Texas Department of Criminal Justice in the other. At the time of the final hearing, C.A. was incarcerated in a state jail facility. He told the court he had been sober for 126 days, loves his children, knows he "messed up" and would "like to try to get a chance to get my children back one time." He said, "I just haven't had enough time to get them back."

The court also heard testimony from the maternal grandfather that he and his wife have been involved in the children's lives since birth. The children were doing well and the grandparents planned to care for them "long term." The grandfather agreed that drug addiction had been part of the parents' lives for some time and that they had "given them chances and chances." The grandfather agreed he and his wife would continue to keep the children safe from their parents' drug abuse.

After the bench trial, the trial court found there was clear and convincing evidence to support the Department's allegations under four of the predicate grounds for termination set forth in the Family Code. *See* Tex. Fam. Code Ann. § 161.001(b)(1)(D), (E), (O) and (Q) (West 2018) (identifying predicate grounds for termination of parental rights); *In re T.N.,* 180 S.W.3d 376, 384 (Tex. App.—Amarillo 2005, no pet.) (only one

predicate ground required to terminate parental rights under section 161.001(b)(1)). The trial court also found that termination was in the best interest of the children. TEX. FAM. CODE ANN. § 161.001(b)(2); *In re C.H.,* 89 S.W.3d 17, 28 (Tex. 2002) (evidence of acts or omissions used to establish grounds for termination under section 161.001(b)(1) may be considered in determining best interest of children).

C.A. filed notice of appeal challenging the trial court's order of termination.

Analysis

Pursuant to *Anders,* C.A.'s court-appointed appellate counsel has filed a brief certifying that she has conducted a conscientious examination of the record and has concluded that the record reflects no arguably reversible error that would support an appeal. *In re Schulman,* 252 S.W.3d 403, 406 n.9 (Tex. Crim. App. 2008) (orig. proceeding); *Porter v. Tex. Dep't of Protective & Regulatory Servs.,* 105 S.W.3d 52, 56 (Tex. App.—Corpus Christi 2003, no pet.) ("[W]hen appointed counsel represents an indigent client in a parental termination appeal and concludes that there are no non-frivolous issues for appeal, counsel may file an *Anders*-type brief"); *In re L.J.,* No. 07-14-00319-CV, 2015 Tex. App. LEXIS 427, at *2-3 (Tex. App.—Amarillo Jan. 15, 2015, no pet.) (mem. op.) (noting same).

Counsel certifies that she has diligently researched the law applicable to the facts and issues and discusses why, in her professional opinion, the appeal is frivolous. *In re D.A.S.,* 973 S.W.2d 296, 297 (Tex. 1998) (orig. proceeding). In compliance with *Anders,* counsel has provided to C.A. a copy of the brief, motion to withdraw, and appellate record and notified him of his right to file a *pro se* response if he desired to do so. *Kelly v. State,*

436 S.W.3d 313, 319-20 (Tex. Crim. App. 2014); *In re L.V.*, No. 07-15-00315-CV, 2015 Tex. App. LEXIS 11607, at *2-3 (Tex. App.—Amarillo Nov. 9, 2015) (order) (per curiam). C.A. has not filed a response.

Due process requires that termination of parental rights be supported by clear and convincing evidence. *In the Interest of D.P.*, No. 07-16-00343-CV, 2017 Tex. App. LEXIS 1820, at *5-6 (Tex. App.—Amarillo, Mar. 2, 2017, no pet.) (mem. op.) (citing *In re E.M.E.*, 234 S.W.3d 71, 72 (Tex. App.—El Paso 2007, no pet.)). This "intermediate standard falls between the preponderance of the evidence standard of civil proceedings and the reasonable doubt standard of criminal proceedings." *Id.* (citing *In re E.M.E.*, 234 S.W.3d at 73). It is defined as the measure or degree of proof that will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established. *Id.* (citing TEX. FAM. CODE ANN. § 101.007 (West 2008)).

Counsel's brief identifies potential appellate issues, including the sufficiency of the evidence to support the grounds on which the trial court terminated C.A.'s parental rights. Reviewing the legal sufficiency of the evidence supporting parental termination requires us to review "all the evidence in the light most favorable to the finding to determine whether a reasonable trier of fact could have formed a firm belief or conviction that its finding was true." *In re J.F.C.,* 96 S.W.3d 256, 266 (Tex. 2002). In a factual sufficiency review, we are to determine whether, on the entire record, a fact finder reasonably could form a firm conviction or belief about the truth of the matter on which the movant bore the burden of proof. *In re C.H.,* 89 S.W.3d at 28-29; *In re T.B.D.,* 223 S.W.3d 515, 517 (Tex. App.—Amarillo 2006, no pet.).

By her *Anders* brief, counsel demonstrates that reversible error is not present because sufficient evidence supports termination under subsections D, E, and Q. In particular, it is clear C.A. knowingly engaged in criminal conduct that has resulted in his conviction of an offense and confinement and inability to care for the children for not less than two years from the date the Department filed its petition in April 2017. *In re J.J.,* No. 14-11-00652-CV, 2012 Tex. App. LEXIS 1514, at *14-17 (Tex. App.—Houston [14th Dist.] Feb. 28, 2012, no pet.) (mem. op.) (discussing sufficiency of evidence to support subsection Q). *See also In re A.V.,* 113 S.W.3d 355, 361; *In re T.N.,* 180 S.W.3d at 384 (only one predicate finding under section 161.001(b)(1) is necessary to support termination when there is also a finding that termination is in a child's best interest). The judgment reflecting C.A.'s conviction for burglary of a habitation shows an offense date in October 2016 and shows a sentence of three years' confinement in the Institutional Division was imposed on February 8, 2018. While C.A. indicated his belief during his testimony that he would be released in December 2018, the trial court could have found that release date was speculative given the three-year sentence for his burglary conviction. And, in his testimony, C.A. expressed no plan for the care of his children during his incarceration. *See In re A.R.,* No. 02-14-00237-CV, 2015 Tex. App. LEXIS 382, at *7-11 (Tex. App.—Fort Worth Jan. 15, 2015, no pet.) (mem. op.) (citing *In re H.R.M.,* 209 S.W.3d 105, 108-09 (Tex. 2006) (parole eligibility and potential release date within the two-year period is relevant but those dates are "inherently speculative").

As in a criminal case, we have independently examined the entire record to determine whether there is a non-frivolous issue that might support the appeal. *See Penson v. Ohio,* 488 U.S. 75, 82-83 (1988); *Stafford v. State,* 813 S.W.2d 503, 511 (Tex.

Crim. App. 1991). Based on this record, we conclude that a reasonable factfinder could have formed a firm belief or conviction that sufficient evidence existed to support at least one ground for termination, and that termination of C.A.'s parental rights was in the children's best interest. *See In re A.V.,* 113 S.W.3d at 362; *In re T.N.,* 180 S.W.3d at 384. After reviewing the record and the *Anders* brief, we agree with counsel there are no plausible grounds for reversal.

## Conclusion

The trial court's order terminating C.A.'s parental rights to his children is affirmed.[3]

James T. Campbell
Justice

---

[3] We call counsel's attention to the continuing duty of representation through the exhaustion of proceedings, which may include the filing of a petition for review. Counsel has filed a motion to withdraw, on which we will take no action. *In re P.M.*, 520 S.W.3d 24, 27 (Tex. 2016) (per curiam).