

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-22-00021-CV

---

IN THE INTEREST OF A.V. AND L.V., CHILDREN

---

On Appeal from the 286th District Court
Hockley County, Texas
Trial Court No. 21-01-26451, Honorable Kelley Tesch, Associate Judge Presiding

---

June 13, 2022

## ORDER OF ABATEMENT AND REMAND

Before QUINN, C.J., and PARKER and DOSS, JJ.

Appellant, Father, appeals the trial court's order terminating his parental rights to his children, A.V. and L.V.[1]  Appointed counsel for Father has filed an *Anders*[2] brief in support of a motion to withdraw, by which she represents there are no meritorious issues to present on appeal.  Because we find potentially meritorious grounds for relief, we grant Father's appointed counsel's motion to withdraw, and she is relieved as Father's appellate attorney of record.  We abate this appeal and remand to the trial court for appointment of

---

[1] To protect the privacy of the parties involved, we will refer to the appellant as "Father," and to the children by initials.  *See* TEX. FAM. CODE ANN. § 109.002(d); TEX. R. APP. P. 9.8(b).  Mother's parental rights were terminated in a prior case prosecuted by the Department.

[2] *See Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).

new counsel to address potential meritorious issues.

## BACKGROUND

In January of 2021, the Texas Department of Family and Protective Services filed a petition to terminate Father's parental rights to his children, A.V. and L.V. The case proceeded to a very brief trial before the associate judge on December 7, 2021. Father did not appear at trial.

The associate judge terminated Father's parental rights to A.V. and L.V. on the grounds of endangering conditions, endangerment, constructive abandonment, and failure to comply with a court order that established actions necessary to retain custody of the children. *See* TEX. FAM. CODE ANN. § 161.001(b)(1)(D), (E), (N), (O).[3] The associate judge also found that termination was in the best interest of A.V. and L.V. *See* § 161.001(b)(2).

Father's appellate counsel timely filed a notice of appeal and requested findings of fact and conclusions of law. A supplemental clerk's record contains the associate judge's findings of fact and conclusions of law.

## ANALYSIS

Pursuant to *Anders*, Father's court-appointed appellate counsel has filed a brief certifying that she has diligently searched the record and has concluded that the record reflects no arguably reversible error that would support an appeal. *In re Schulman*, 252

---

[3] Further references to provisions of the Texas Family Code will be by reference to "section ___" or "§ ___."

S.W.3d 403, 406 n.9 (Tex. Crim. App. 2008) (orig. proceeding); *In re L.J.*, No. 07-14-00319-CV, 2015 Tex. App. LEXIS 427, at *2–3 (Tex. App.—Amarillo Jan. 15, 2015, no pet.) (mem. op.); *Porter v. Tex. Dep't of Protective & Regulatory Servs.*, 105 S.W.3d 52, 56 (Tex. App.—Corpus Christi 2003, no pet.) ("[W]hen appointed counsel represents an indigent client in a parental termination appeal and concludes that there are no non-frivolous issues for appeal, counsel may file an *Anders*-type brief.").

Counsel certifies that she has diligently researched the law applicable to the facts and issues and discusses why, in her professional opinion, the appeal is frivolous. *See In re D.A.S.*, 973 S.W.2d 296, 297 (Tex. 1998) (orig. proceeding). By her *Anders* brief, counsel concludes that reversible error is not present because sufficient evidence supports termination under subsections (D), (E), (N), and (O) in the trial court's order. *See In re A.V.*, 113 S.W.3d 355, 362 (Tex. 2003); *In re T.N.*, 180 S.W.3d 376, 384 (Tex. App.—Amarillo 2005, no pet.) (only one predicate finding under section 161.001(b)(1) is necessary to support termination when there is also a finding that termination is in child's best interest).

Counsel has complied with the requirements of *Anders* by providing a copy of the brief, motion to withdraw, and appellate record to Father, and notifying him of his right to file a pro se response if he desired to do so. *Kelly v. State*, 436 S.W.3d 313, 319–20 (Tex. Crim. App. 2014); *In re L.V.*, No. 07-15-00315-CV, 2015 Tex. App. LEXIS 11607, at *2–3 (Tex. App.—Amarillo Nov. 9, 2015) (order) (per curiam). Father has not filed a response to his counsel's *Anders* brief.

Due process requires that termination of parental rights be supported by clear and convincing evidence. *In re E.M.E.*, 234 S.W.3d 71, 72 (Tex. App.—El Paso 2007, no pet.)

3

(citing *In re J.F.C.*, 96 S.W.3d 256, 263 (Tex. 2002)). This standard falls between the civil preponderance of the evidence standard and the reasonable doubt standard of criminal proceedings. *Id.* at 73. Clear and convincing evidence is that "measure or degree of proof that will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established." § 101.007. Reviewing the legal sufficiency of the evidence supporting parental termination requires us to review "all the evidence in the light most favorable to the finding to determine whether a reasonable trier of fact could have formed a firm belief or conviction that its finding was true." *In re J.F.C.*, 96 S.W.3d at 266. In a factual sufficiency review, we are to determine whether, on the entire record, a factfinder could reasonably form a firm conviction or belief about the truth of the matter on which the movant bore the burden of proof. *In re C.H.*, 89 S.W.3d 17, 28–29 (Tex. 2002); *In re T.B.D.*, 223 S.W.3d 515, 517 (Tex. App.—Amarillo 2006, no pet.).

From this Court's independent examination of the record,[4] we find that the findings of fact are in conflict with the judgment of termination. *See* TEX. R. CIV. P. 299a (separately filed findings of fact control over findings in judgment). Specifically, findings 18, 19, 20, 21, and 23 recite that the associate judge applied a preponderance of the evidence standard to support the predicate and best interest findings instead of the clear and convincing evidence standard. The termination of Father's parental rights based on the wrong evidentiary standard presents potential grounds for reversing the judgment of termination.

---

[4] *See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 102 L. Ed. 2d 300 (1988); *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991).

4

Consequently, we remand this appeal to the trial court. Upon remand, due to the time sensitive nature of appeals from parental termination orders,[5] the trial court shall immediately appoint new counsel to represent Father in this appeal. The name, address, email address, telephone number, and State Bar of Texas identification number of newly appointed counsel shall be provided to the Clerk of this Court. The trial court shall execute findings of fact and conclusions of law, and shall cause its findings, conclusions, and any necessary orders to be included in a supplemental clerk's record to be filed with the Clerk of this Court by June 20, 2022.

The trial court is directed to order newly appointed counsel to file an appellant's brief developing the aforementioned issues and any other issues based on the grounds and best interest finding in the order of termination that might support Father's appeal. Father's appellate brief shall be due twenty days from the date of the trial court's order appointing new counsel. *See* TEX. R. APP. P. 38.6(a). The Department's brief, if any, shall be filed twenty days following the filing of Father's brief. *Id.* at 38.6(b). By this order, we express no opinion on the merit of any issues or potential issues the record may present.

It is so ordered.

Per Curiam

---

[5] *See* TEX. R. JUD. ADMIN. 6.2(a).