

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-22-00088-CV

IN THE INTEREST OF L.S.G., A CHILD

On Appeal from the 102nd District Court
Bowie County, Texas
Trial Court No. 21A1265-102

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice van Cleef

## MEMORANDUM OPINION

In a private termination action, Mother's and Father's parental rights to L.S.G. were terminated on grounds that Mother and Father failed to support L.S.G.[1] in accordance with their respective "abilit[ies] during a period of one year ending within six months of the date of the filing of the petition." TEX. FAM. CODE ANN. § 161.001(b)(1)(F). The trial court also found that termination was in L.S.G.'s best interest. *See* TEX. FAM. CODE ANN. § 161.001(b)(2). Mother and Father appeal, and by separate briefs, each claim that the evidence was legally and factually insufficient (1) to support termination in accordance with Section 161.001(b)(1)(F) and (2) to support the trial court's best-interest findings. Because we find the evidence legally insufficient to support termination of Mother's and Father's parental rights, we reverse the trial court's judgment and render judgment in favor of Mother and Father.

## I. Factual and Procedural Background

L.S.G. "came to stay" with J.O. and his wife, K.O., in November 2018 when he was approximately six months old. In October 2019, due to drug use by Mother and Father, the trial court appointed J.O. and K.O. as L.S.G.'s permanent managing conservators. The conservatorship order named Mother and Father as possessory conservators and provided that they were jointly and severally liable for L.S.G.'s support.

In October 2021, J.O. and K.O. filed an original petition for termination and adoption. As the sole ground for termination, J.O. and K.O. alleged that Mother and Father "ha[d] failed to support [L.S.G.] in accordance with their ability and the prior order of the Court during a period

---

[1]We use initials to protect the identity of the child. *See* TEX. R. APP. P. 9.8.

of one (1) year ending within six (6) months of the date of the filing of [the] petition." The termination hearing took place on November 9, 2022.

At the time of the hearing, L.S.G. was four and one-half years old, having lived with J.O. and K.O. for approximately four years. L.S.G. attended pre-kindergarten classes at a church day school and received occupational therapy to deal with some behavioral issues.

Due to Father's incarceration, L.S.G. only had a few visits from his Father during that four-year time frame. At some point after the conservatorship order was entered in October 2019, Father served time in an intermediate sanction facility as a condition of his community supervision. Father was incarcerated for a few months and was able to attend L.S.G.'s birthday party in March 2021 before he was re-incarcerated as a result of violating the terms and conditions of his community supervision. Father also spent an unspecified period of time on house arrest and was incarcerated at the time of the termination hearing. J.O. acknowledged that Father was not able to earn an income while incarcerated.

Although Mother visited L.S.G. in 2019 and asked for additional visits, she failed to exercise her visitation rights for an undefined six-to-nine-month period. Mother was arrested and incarcerated for an unspecified time after the entry of the 2019 conservatorship order. At the time of trial, Mother had been employed by Domino's Pizza for four months.

J.O. testified that neither Father nor Mother made any child support payments or medical support payments for L.S.G. between November 1, 2019, and October 13, 2021, when the petition was filed. Mother did make one child support payment on August 3, 2022, after she began working at Domino's Pizza.

At the conclusion of the hearing, the trial court found that Mother and Father failed "to support [L.S.G.] in accordance with [their respective] abilit[ies] during a period of one year ending within six months of the date of the filing of the petition."[2]

## II. The Trial Court's Ground (F) Finding as to Mother and Father Is Not Supported by Legally Sufficient Evidence

### A. Standard of Review

"The natural right existing between parents and their children is of constitutional dimensions." *In re E.J.Z.*, 547 S.W.3d 339, 343 (Tex. App.—Texarkana 2018, no pet.) (quoting *Holick v. Smith*, 685 S.W.2d 18, 20 (Tex. 1985)). "Indeed, parents have a fundamental right to make decisions concerning 'the care, custody, and control of their children.'" *Id.* (quoting *Troxel v. Granville*, 530 U.S. 57, 65 (2000)). "Because the termination of parental rights implicates fundamental interests, a higher standard of proof—clear and convincing evidence—is required at trial." *Id.* (quoting *In re A.B.*, 437 S.W.3d 498, 502 (Tex. 2014)).[3] "This Court is therefore required to 'engage in an exacting review of the entire record to determine if the evidence is . . . sufficient to support the termination of parental rights.'" *Id.* (quoting *In re A.B.*, 437 S.W.3d at 500). "[I]nvoluntary termination statutes are strictly construed in favor of the parent." *Id.* (quoting *In re S.K.A.*, 236 S.W.3d 875, 900 (Tex. App.—Texarkana 2007, pet. denied) (alteration in original)).

---

[2]The trial court found that, because the petitioners met "the initial burden to show that there were no payments made," the burden shifted to the respondents "to show why they were not able to make any payments."

[3]"'Clear and convincing evidence' is that 'degree of proof that will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established.'" *In re E.J.Z.*, 547 S.W.3d at 343 (quoting TEX. FAM. CODE ANN. § 101.007)). "This standard of proof necessarily affects our review of the evidence." *Id.*

"In our review of factual sufficiency, we give due consideration to evidence the trial court could have reasonably found to be clear and convincing." *In re L.E.S.*, 471 S.W.3d 915, 920 (Tex. App.—Texarkana 2015, no pet.) (citing *In re H.R.M.*, 209 S.W.3d 105, 109 (Tex. 2006) (per curiam)). "We consider only that evidence the fact-finder reasonably could have found to be clear and convincing and determine '"whether the evidence is such that a fact[-]finder could reasonably form a firm belief or conviction about the truth of the . . . allegations."'" *Id.* (alteration in original) (quoting *In re H.R.M.*, 209 S.W.3d at 109) (quoting *In re C.H.*, 89 S.W.3d 17, 25 (Tex. 2002))). "If, in light of the entire record, the disputed evidence that a reasonable fact[-]finder could not have credited in favor of the finding is so significant that a fact[-]finder could not reasonably have formed a firm belief or conviction, then the evidence is factually insufficient." *Id.* (quoting *In re J.F.C.*, 96 S.W.3d 256, 266 (Tex. 2002)). "'[I]n making this determination,' we must undertake '"an exacting review of the entire record with a healthy regard for the constitutional interests at stake."'" *Id.* (quoting *In re A.B.*, 437 S.W.3d at 503 (quoting *In re C.H.*, 89 S.W.3d at 26)).

In our legal sufficiency review, we consider "all the evidence in the light most favorable to the finding to determine whether a reasonable trier of fact could have formed a firm belief or conviction that the finding was true." *In re J.L.B.*, 349 S.W.3d 836, 846 (Tex. App.—Texarkana 2011, no pet.) (citing *In re J.O.A.*, 283 S.W.3d 336, 344–45 (Tex. 2009)). "In this bench trial, we assume that the trial court resolved disputed facts in favor of its finding if a reasonable fact-finder could do so, but disregard all evidence that a reasonable fact-finder could have disbelieved or found to have been incredible." *Id.* (citing *In re J.F.C.*, 96 S.W.3d 256, 266 (Tex. 2002)).

5

**B.     Analysis**

The trial court terminated Mother's and Father's parental rights solely on Ground (F). Ground (F) "permits termination on clear and convincing evidence that a parent 'failed to support the child in accordance with the parent's ability during a period of one year ending within six months of the date of the filing of the petition' for termination." *In re J.G.S.*, 574 S.W.3d 101, 117 (Tex. App.—Houston [1st Dist.] 2019, pet. denied) (quoting TEX. FAM. CODE ANN. § 161.001(b)(1)(F)).[4]   "Under this provision, 'one year' means 12 consecutive months." *Id.* (citing *In re E.M.E.*, 234 S.W.3d 71, 72 (Tex. App.—El Paso 2007, no pet.)); *see In re N.G.J.*, No. 06-14-00083-CV, 2015 WL 1346445, at *3 (Tex. App.—Texarkana, Mar. 26, 2015, no pet.) (mem. op.).   "This twelve-month period of nonsupport and ability to pay begins no earlier than eighteen months before the date of the filing of the petition to terminate." *In re N.G.J.*, 2015 WL 1346445, at *3 (citing *In re E.M.E.*, 234 S.W.3d at 72).

Because the petition to terminate was filed on October 13, 2021, we must determine whether J.O. and K.O. established, by clear and convincing evidence, that Mother and Father failed to support L.S.G. in accordance with their respective abilities for twelve consecutive months between April 13, 2020, and October 13, 2021.[5]   J.O. and K.O. had the burden to prove, by clear and convincing evidence, that Mother and Father had the ability to pay each month during that time frame. *See id.*; *In re L.J.N.*, 329 S.W.3d 667, 672 (Tex. App.—Corpus Christi–

---

[4]Parents have a duty to provide support for their children, even if they do not have custody of those children. *In re F.E.N.*, 542 S.W.3d 752, 765 (Tex. App.—Houston [14th Dist.] 2018, pet. denied); *see* TEX. FAM. CODE ANN. § 151.001.

[5]Eighteen months before the date of the filing of the petition was April 13, 2020. We must, therefore, consider any consecutive twelve-month period that would have begun no earlier than April 13, 2020, and that would have ended within six months of October 13, 2021.

Edinburg 2010, no pet.) (finding that proof of ability to support during each month of twelve-month period is required by Section 161.001(1)(F)); *In re N.A.F.*, 282 S.W.3d 113, 116 (Tex. App.—Waco 2009, no pet.) (same); *In re E.M.E.*, 234 S.W.3d 71, 72 (Tex. App.—El Paso 2007, no pet.) (same); *In re T.B.D.*, 223 S.W.3d 515, 518 (Tex. App.—Amarillo 2006, no pet.) (same); *In re D.S.P.*, 210 S.W.3d 776, 781 (Tex. App.—Corpus Christi–Edinburg 2006, no pet.) (same); *In re R.M.*, 180 S.W.3d 874, 878 (Tex. App.—Texarkana 2005, no pet.) (same). "The party seeking to terminate has the burden to establish that the parent had the ability to support the child during each month in the 12-month period." *In re J.G.S.*, 574 S.W.3d at 117. "Without evidence of an ability to support [the] child during the 12-month statutory period, termination of parental rights cannot be granted under Subsection (F)." *Id.*

As for Father's ability to pay during the relevant period, the evidence merely shows that Father was incarcerated during at least a portion of the time and that he did not make any child support payments during the entirety of the time. J.O. and K.O. failed to offer any evidence of Mother's or Father's *ability* to pay during the relevant period, and no such evidence appears in the record. The record merely reflects that Mother may have been incarcerated for a portion of the relevant period and that she made one child support payment after the petition was filed while working at Domino's Pizza.

The evidence is legally insufficient to support termination of Mother's and Father's parental-rights under Ground (F).[6]  *See In re N.G.J.*, 2015 WL 1346445, at *3 (finding that

---

[6]Because the evidence fails to support termination on the sole ground stated in the termination order, we do not address the sufficiency of the evidence to support the trial court's best-interest finding.

7

termination could not be supported under Ground (F) given the complete absence of evidence regarding Father's ability to pay during statutory time period).

## III. Conclusion

We reverse the trial court's judgment and render judgment in favor of Mother and Father.


Charles van Cleef
Justice

Date Submitted:     May 1, 2023
Date Decided:      May 2, 2023