**Opinion filed February 14, 2020**



In The

# Eleventh Court of Appeals

_____

## No. 11-19-00151-CV

_____

## IN THE INTEREST OF B.G.O. AND T.D.H., CHILDREN

**On Appeal from the 326th District Court**

**Taylor County, Texas**

**Trial Court Cause No. 49,324-C**

### M E M O R A N D U M   O P I N I O N

Based upon a petition filed by the mother of B.G.O. and T.D.H., the trial court entered a final decree of divorce and order of termination. In that order, the trial court terminated the parental rights of the children's father. The father filed an appeal. On appeal, he does not complain of the divorce portion of the order but, rather, presents two issues in which he (1) challenges the sufficiency of the evidence in support of one of the termination findings and (2) complains of the trial court's failure to enter findings of fact and conclusions of law. We affirm.

*Background Facts*

Two children were born during Appellant's marriage to Appellee: B.G.O. and T.D.H. Appellant and Appellee separated in March 2015 when B.G.O. was approximately eight months old. At that time, Appellee was pregnant with T.D.H. Appellee filed her original petition for divorce in February 2016, but the case did not go to trial until April 30, 2019.

Appellee testified that, after B.G.O. was born, Appellant became physically abusive toward Appellee. One of the incidents of domestic violence occurred in the presence of B.G.O. Appellant would hit, kick, and choke Appellee; the abuse became more severe as time passed. According to Appellee, Appellant threatened to kill Appellee and hurt her family if she left him. However, after a particularly abusive week in March 2015, Appellee found an old phone and secretly and quickly sent a message to her mother to come get Appellee "now." Appellee's mother arrived within ten minutes and picked Appellee up as Appellant was chasing Appellee down the road. Appellant and Appellee have not lived together since that day.

Appellee's sister contacted the police, and the police came to speak to Appellee that same day. Appellant was eventually charged with assault family violence, a third-degree felony. Appellant pleaded guilty and was sentenced to a four-year term of confinement. He was released from prison in 2017.

On the day that Appellee fled from Appellant, B.G.O. was staying with Appellant's grandmother. Appellee subsequently contacted CPS, and B.G.O. was removed from Appellant's care "a couple of days after" Appellee had fled from Appellant. At the time of removal, B.G.O. tested positive for methamphetamine. Appellant voluntarily quit attending supervised visitations with B.G.O. and, at the time of the final hearing in this cause, had not seen B.G.O. in four years.

Appellant has never seen T.D.H. and has not attempted to initiate any contact with T.D.H. In fact, Appellant denies that T.D.H. is his child. Appellant has not paid

any child support for B.G.O. or T.D.H., nor has he provided any other type of support or otherwise provided for their care. The children do not even know who their father is.

During his relationship with Appellee, Appellant was accused of abusing one of Appellee's older children. At that time, CPS removed Appellee's two older children and placed them with their father because of the allegation of abuse by Appellant. Additionally, as well as various other criminal history, Appellant had a history of domestic violence with another woman. Appellee testified that Appellant introduced her to methamphetamine and that they used it together before she became pregnant with B.G.O. Appellant continued to use methamphetamine and was arrested for and charged with the offense of possession of methamphetamine sometime after Appellee left Appellant.

Appellee testified that, while living with her mother, she was able to regain custody of B.G.O. from CPS. After T.D.H. was born, Appellee moved out of her mother's residence and obtained a place of her own. B.G.O. and T.D.H. live with Appellee and are doing well in her care. Appellee testified that, although she was not employed while she lived with Appellant, she subsequently got a job; at the time of the final hearing, she had been working for the school system for two years. Appellee testified that she had not used drugs since she separated from Appellant. Appellee believed that it would be in the best interest of both children to terminate Appellant's rights.

Appellant's testimony regarding his propensity for domestic violence differed from Appellee's testimony. For example, he testified that he had only assaulted Appellee one time and that that incident occurred as he was "[t]rying to lock her out because she wouldn't leave [him] alone." Appellant indicated that he had "slammed the door on her leg running from her."

Appellant acknowledged, however, that he did not believe that T.D.H. was his child. He also acknowledged that he voluntarily quit attending visitation with B.G.O., that he had no relationship with B.G.O. or T.D.H., and that he had not supported them in any way. Appellant testified that, at the time of the final hearing, he was unable to work due to a back injury that he had sustained in early 2014. He acknowledged, however, that he had paid an attorney to represent him in some other case, that he had paid a different attorney to represent him in this case, and that he had paid over $3,500 in child support to one of the other mothers of his children. Appellant also acknowledged that he owned some real estate that someone had given him.

*Termination Findings and Standards*

The termination of parental rights must be supported by clear and convincing evidence. TEX. FAM. CODE ANN. § 161.001(b) (West Supp. 2019). To terminate parental rights, it must be shown by clear and convincing evidence that the parent has committed one of the acts listed in Section 161.001(b)(1)(A)–(U) and that termination is in the best interest of the child. *Id.*

With respect to B.G.O., the trial court found that Appellant had committed three of the acts listed in Section 161.001(b)(1)—those found in subsections (C), (D), and (E). Specifically, the trial court found that Appellant had voluntarily left B.G.O. alone or in the possession of another without providing adequate support and remained away for a period of at least six months, had placed or knowingly allowed B.G.O. to remain in conditions or surroundings that endangered B.G.O.'s physical or emotional well-being, and had engaged in conduct or knowingly placed B.G.O. with persons who engaged in conduct that endangered B.G.O.'s physical or emotional well-being. *See id.* § 161.001(b)(1)(C), (D), (E). With respect to T.D.H., the trial court found that Appellant had committed only one of the acts listed in Section 161.001(b)(1)—that found in subsection (C). The trial court found that

4

Appellant had voluntarily left T.D.H. alone or in the possession of another without providing adequate support of the child and remained away for a period of at least six months. *See id.* § 161.001(b)(1)(C). The trial court also found, pursuant to Section 161.001(b)(2), that termination of Appellant's parental rights would be in the best interest of the children. *See id.* § 161.001(b)(2).

To determine if the evidence is legally sufficient in a parental termination case, we review all of the evidence in the light most favorable to the finding and determine whether a rational trier of fact could have formed a firm belief or conviction that its finding was true. *In re J.P.B.*, 180 S.W.3d 570, 573 (Tex. 2005). To determine if the evidence is factually sufficient in a parental termination case, we give due deference to the finding and determine whether, on the entire record, a factfinder could reasonably form a firm belief or conviction about the truth of the allegations against the parent. *In re C.H.*, 89 S.W.3d 17, 25–26 (Tex. 2002). We note that the trier of fact is the sole judge of the credibility of the witnesses at trial and that we are not at liberty to disturb the determinations of the trier of fact as long as those determinations are not unreasonable. *J.P.B.*, 180 S.W.3d at 573.

*Analysis*

In his first issue, Appellant asserts that the trial court erred by entering a finding pursuant to subsection (C) because Appellant was unable to support the children and the children were adequately provided for by Appellee. Appellant does not challenge the findings made by the trial court pursuant to subsections (D) and (E) or the finding as to the children's best interest. The unchallenged findings are sufficient to support the trial court's order with respect to B.G.O. *See* FAM. § 161.001(b). The trial court, however, did not enter a finding pursuant to subsection (D) or (E) with respect to T.D.H. Thus, we cannot uphold the termination of Appellant's parental rights to T.D.H. under those subsections. *See In re K.G.*, 350 S.W.3d 338, 345–46 (Tex. App.—Fort Worth 2011, pet. denied) (citing *Vasquez v.*

5

*Tex. Dep't of Protective & Regulatory Servs.*, 190 S.W.3d 189, 194 (Tex. App.—Houston [1st Dist.] 2005, pet. denied)) (recognizing that termination can only be upheld on appeal on a ground that was found by the trier of fact); *see also In re S.M.R.*, 434 S.W.3d 576, 581 (Tex. 2014). Therefore, with respect to T.D.H., we must address the finding made by the trial court pursuant to subsection (C).

Subsection (C) is known as "the abandonment ground." *In re J.R.*, 319 S.W.3d 773, 776–77 (Tex. App.—El Paso 2010, no pet.) (citing *In re A.T.C.*, No. 07-08-0258-CV, 2008 WL 5204747, at *3 (Tex. App.—Amarillo Dec. 12, 2008, no pet.) (mem. op.); *In re K.A.H.*, 195 S.W.3d 840, 841 n.2 (Tex. App.—Dallas 2006, no pet.)). The elements of this ground are that the parent voluntarily left the child alone or in the possession of another, that the parent failed to provide adequate support for the child, and that the parent remained away for a period of at least six months. FAM. § 161.001(b)(1)(C).

Appellant's contention on appeal relates only to the second element. He contends that he was unable to provide for the children and that the children were adequately provided for by Appellee. We agree with Appellant that the evidence showed that B.G.O. and T.D.H. had been adequately provided for by Appellee. However, the evidence also showed that Appellant had not arranged for Appellee to provide for B.G.O. and T.D.H. on Appellant's behalf. *See In re A.R.*, No. 02-18-00311-CV, 2019 WL 1186963, at *4 (Tex. App.—Fort Worth Mar. 14, 2019, pet. denied) (mem. op.) (upholding termination where the evidence failed to show that parent made arrangements to provide assistance to the child or the child's caregivers); *J.R.*, 319 S.W.3d at 776–77; *A.T.C.*, 2008 WL 5204747, at *3; *In re K.M.B.*, 91 S.W.3d 18, 26 (Tex. App.—Fort Worth 2002, no pet.); *cf. Holick v. Smith*, 685 S.W.2d 18, 21 (Tex. 1985) (holding that termination was not authorized where the parent made arrangements for the adequate support of the child). And, although Appellant contends that he was unable to work and to provide for B.G.O.

and T.D.H., the evidence presented at trial showed that Appellant was able to pay two attorneys and to provide over \$3,500 for the support of his other children. The evidence also showed that Appellant owned some real property. Furthermore, we note that Appellant had never even attempted to see T.D.H., that Appellant had no relationship with her, and that Appellant did not believe that he was T.D.H.'s father.

We hold that the trial court could reasonably have formed a firm belief or conviction, based on the clear and convincing evidence presented at trial, as to the truth of the findings made by the trial court pursuant to subsection (C)—that Appellant had voluntarily left T.D.H. alone or in the possession of another without providing adequate support of T.D.H. and remained away for a period of at least six months. *See* FAM. § 161.001(b)(1)(C); *A.R.*, 2019 WL 1186963, at \*4. The evidence is legally and factually sufficient to support the trial court's finding. We overrule Appellant's first issue.

In his second issue, Appellant contends that he properly requested findings of fact and conclusions of law, that the trial court failed to enter any findings of fact or conclusions of law, that Appellant was forced to guess at the reason for termination under subsection (C), and that Appellant's appeal was adversely affected by the lack of findings of fact. We disagree.

First, we conclude that Appellant has not preserved his complaint regarding the lack of findings of fact and conclusions of law. Although he timely filed a request for findings of fact and conclusions of law, he did not file a notice of past due findings of fact and conclusions of law as required by Rule 297 of the Texas Rules of Civil Procedure. The failure to file such a notice waives the right to complain about the trial court's failure to file findings of fact and conclusions of law. *Las Vegas Pecan & Cattle Co. v. Zavala Cty.*, 682 S.W.2d 254, 255 (Tex. 1984); *In re A.I.G.*, 135 S.W.3d 687, 694 (Tex. App.—San Antonio 2003, no pet.); *see In re J.I.T.P.*, 99 S.W.3d 841, 848–49 (Tex. App.—Houston [14th Dist.] 2003, no pet.).

7

Second, even if Appellant had preserved his complaint, he did not suffer any harm from the lack of findings of fact and conclusions of law. *See Tenery v. Tenery*, 932 S.W.2d 29, 30 (Tex. 1996); *In re D.H.*, No. 2-05-179-CV, 2006 WL 133523, at *2 (Tex. App.—Fort Worth Jan. 19, 2006, no pet.) (mem. op.) (holding that parent did not have to guess at reasons for parental termination order because they were clearly stated in the order); *J.I.T.P.*, 99 S.W.3d at 848–49 (holding that parent was not harmed because lack of findings and conclusions did not prevent the proper presentation of case on appeal). There is a complete reporter's record in this case, and Appellant was afforded an opportunity to fully brief his challenge to the sufficiency of the evidence. *See J.I.T.P.*, 99 S.W.3d at 849. We overrule Appellant's second issue on appeal.

*This Court's Ruling*

We affirm the order of the trial court.


JOHN M. BAILEY
CHIEF JUSTICE


February 14, 2020

Panel consists of: Bailey, C.J.,
Stretcher, J., and Wright, S.C.J.[1]

Willson, J., not participating.

---

[1]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.